IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC DAVIS, # R-64180,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-01067-JPG |
| | ) |
| **C/O HAYNES, C/O WINTERS,** | ) |
| **C/O LAMINACK,** | ) |
| **and UNKNOWN PARTY,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He is serving a 28-year sentence for murder. Plaintiff now sues Menard's medical director and three correctional officers, among others, for violations of his constitutional rights arising from a prison guard assault, subsequent cell transfer, and lack of medical treatment. In his complaint, Plaintiff seeks monetary damages, declaratory judgment, and injunctive relief (Doc. 1, p. 8). On October 30, 2013, Plaintiff filed a motion for injunctive relief (Doc. 6) seeking a temporary restraining order against the defendants.

Plaintiff failed to pay a filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP") when he filed this action on October 11, 2013. The Clerk of Court notified Plaintiff of this fact the same day and advised him that the action would be dismissed if he did not pay the fee or file a motion within thirty days (Doc. 2). On October 25, 2013, Plaintiff filed an IFP motion (Doc. 4), which was granted. This matter is now before the Court for a preliminary review of the complaint and the motion for injunctive relief.

1

**The Complaint**

According to the complaint, Plaintiff was beaten without provocation by three Menard correctional officers on August 28, 2013 (Doc. 1, p. 5). These officers included Defendants Haynes, Winters, and Laminack. At the time, Plaintiff was handcuffed and complying with Defendant Haynes' direct order to remove braids from his hair. Even so, Defendant Haynes grabbed Plaintiff by the arm and threw him to the ground, causing Plaintiff's head to "bounce off the ground." Defendants Laminack and Winters jumped on top of Plaintiff, choked him, and twisted his foot and leg "as if trying to break them" (Doc. 1, p. 5). While choking Plaintiff, Defendant Winters stated, "I could kill you." Defendant Haynes then escorted Plaintiff to a small room and, without provocation, struck him in the mouth with a closed fist (Doc. 1, p. 6). The assault caused injuries to Plaintiff's head, jaw, and leg. He suffered extreme pain and emotional anguish. Plaintiff continues to experience leg pain when walking (Doc. 1, p. 5).

On August 29th, Plaintiff was transferred to a cell that had no cold water for eleven days and no bedding for five days (Doc. 1, p. 6). He had to rest on a moldy mattress, which caused him to feel sick to his stomach. On August 30th, Defendant Goetz[1] refused to feed Plaintiff. Defendant Kemper[2] refused to do the same on August 31st. Plaintiff asked Defendants Goetz and Kemper for bedding and a cell transfer, to no avail.

Plaintiff filed multiple grievances to address his concerns (Doc. 1, pp. 6-7). He submitted a written request to "John Doe" for bedding and a cell transfer, as well as a complaint about Defendants Goetz's and Kemper's denial of his food request (Doc. 1, p. 6). He submitted three

---

[1] Although "Goetz" is not named as a defendant in the case caption, the statement of claim refers to him as "Defendant Goetz." Accordingly, the Clerk shall be directed to name Defendant Goetz among the defendants in this action.

[2] Although "Kemper" is not named as a defendant in the case caption, the statement of claim refers to "Defendant Kemper." Accordingly, the Clerk shall be directed to name Defendant Kemper among the defendants in this action.

requests to the medical director for treatment of an unspecified condition without receiving any response (Doc. 1, p. 7).  Plaintiff also filed grievances on September 3rd, September 23rd, and October 2nd to have a false disciplinary report expunged.  Finally, on September 3rd, he filed an emergency grievance with Defendant Harrington[3] to address the assault, the cell conditions, and the denial of food; in the emergency grievance, Plaintiff requested a prison transfer because he was in fear for his life (Doc. 1, p. 7).  As of October 11th, the date he commenced this action, Plaintiff had received no response to his emergency grievance.

Plaintiff now sues Defendants Haynes, Winters, and Laminack in their individual and official capacities for conspiring to use excessive force against him (Doc. 1, p. 5).  He sues Menard's medical director for ignoring his requests for medical treatment.  Plaintiff names Defendants Goetz and Kemper in the statement of claim for denying his request for food, bedding, and a cell transfer.  He names Defendant Harrington for ignoring his emergency grievance regarding the assault, cell conditions, and prison transfer request.  Finally, Plaintiff names "John Doe" for ignoring his grievances.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

---

[3] Although "Harrington" is not named as a defendant in the case caption, the statement of claim refers to "Defendant Harrington."  Accordingly, the Clerk shall be directed to name Defendant Harrington among the defendants in this action.

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Upon careful review of the complaint and motion for injunctive relief, the Court finds that expedited review of certain claims is warranted. Plaintiff's Eighth Amendment excessive force claim (**Count 1**) against Defendants Haynes, Winters, and Laminack for allegedly assaulting Plaintiff on August 28th warrants further review. Likewise, Plaintiff's conspiracy claim (**Count 2**) against Defendants Haynes, Winters, and Laminack for the same incident warrants further consideration. Finally, Plaintiff's Eighth Amendment conditions of confinement claim (**Count 3**) against Defendants Goetz and Kemper for the deprivation of food, bedding, and sanitary cell conditions shall be given further consideration. Defendant Harrington, Menard's warden, shall remain in this action in his official capacity, based on Plaintiff's request for

injunctive relief.  *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement).

**Dismissal of Counts 4, 5, and 6**

The remaining claims shall be dismissed for failure to state a claim upon which relief can be granted.  These claims include an Eighth Amendment deliberate indifference to serious medical needs claim (**Count 4**) against Defendant Unknown Party (i.e., Menard's medical director), a claim for ignoring Plaintiff's grievances (**Count 5**) against John Doe and Defendant Harrington, and a claim for issuing and failing to expunge a false disciplinary ticket (**Count 6**) against Defendants.

With regard to **Count 4**, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).

> Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  The complaint does not satisfy the first prong of this analysis.  The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an

5

injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez,* 111 F.3d at 1373. The complaint does not identify the medical condition(s) or injury(ies) giving rise to this claim. Plaintiff did not include a copy of any requests for treatment with the complaint. Although Plaintiff claims to have sustained a number of injuries in the assault, he does not state whether he any of them relate to his request for medical treatment. The Court is left to guess what medical condition forms the basis of this claim, which the Court is not required to do. Accordingly, Count 4 shall be dismissed without prejudice.

**Count 5** against John Doe and Defendant Harrington shall also be dismissed. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Fourteenth Amendment Due Process Clause per se. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Plaintiff has not alleged that John Doe or Defendant Harrington participated in the underlying conduct at issue. Plaintiff's claim against them for failure to respond to his grievances therefore fails. Count 5 against John Doe and Defendant Harrington shall be dismissed with prejudice.

Finally, **Count 6** also fails to state a claim upon which relief may be granted. In the complaint, Plaintiff mentions that he received a false disciplinary ticket that was never expunged. Beyond this, he develops no claim that his constitutional rights were deprived for failure to expunge a false disciplinary ticket. In *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir.

1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a claim under the Fourteenth Amendment when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan,* 747 F.2d at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.

In the instant complaint, Plaintiff gives no information about the nature of the false charge, nor does he state whether he was given a hearing on the charge that afforded him the procedural protections described in *Wolff*. He provides no copy of the ticket or hearing summary. If Plaintiff was given a proper hearing, yet was found guilty of the false charge, he would not have a constitutional claim so long as the decision of the disciplinary hearing board was supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). On the other hand, if Plaintiff was not afforded the procedural protections in *Wolff*, he still may not have an actionable claim. Without any details, the claim fails. Count 6 shall be dismissed with prejudice.

**Pending Motions**

Plaintiff filed a motion for injunctive relief on October 30, 2013, in which he seeks a temporary restraining order ("TRO") "enjoin[ing] the defendants from continuing to not feed me, deny me medical treatment, force me to live without any supplies or products to clean my cell

and threaten me with great bodily harm and racist innuendos" (Doc. 6, p. 1). Plaintiff relies largely on the allegations in his complaint, which are summarized above, to support his request for a TRO.

As set forth in the discussion above, Plaintiff has failed to allege sufficient facts to support his Eighth Amendment medical needs claim (**Count 4** above); this portion of the motion forms no basis for a TRO as alleged and shall be **DENIED**. Further, while deplorable, the use of racial epithets does not give rise to a constitutional claim, and this portion of Plaintiff's motion shall also be **DENIED**.

However, the motion does refer to on-going harm and potentially life-threatening conditions, including the continuing denial of food and threats of bodily harm. In light of the factual allegations in the complaint, which include a claim that Plaintiff was attacked without provocation by three correctional officers including one who threatened his life, the Court finds that review of Plaintiff's excessive force claim (**Count 1** above), conspiracy claim (**Count 2** above), and conditions of confinement claim (**Count 3** above) shall be expedited. **A hearing on Plaintiff's request for a TRO shall be held as detailed below.**

**Disposition**

The **CLERK** shall add Defendants **GOETZ, HARRINGTON,** and **KEMPER** to the case caption.

**IT IS HEREBY ORDERED** that **COUNT 4** is **DISMISSED** from this action on the merits without prejudice for failure to state a claim upon which relief can be granted. **COUNTS 5** and **6** are **DISMISSED** from this action with prejudice for failure to state a claim upon which relief can be granted.

**IT IS ALSO ORDERED** that **DEFENDANT UNKNOWN PARTY** (Menard's Medical Director) is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that as to **COUNTS 1, 2** and **3,** a <u>**HEARING ON PLAINTIFF'S REQUEST FOR A TRO**</u> in this case shall take place in the <u>**United States District Courthouse in Benton, Illinois, on Wednesday, November 20, 2013, at 1:30 p.m. before United States District Judge J. Phil Gilbert**</u>.  Defendant Harrington is **ORDERED** to make Plaintiff **ERIC DAVIS** available by video for the hearing.

**IT IS ORDERED** that the United States Marshal Service is **APPOINTED** pursuant to Federal Rule of Civil Procedure Rule 4(e) to effect service on an expedited basis <u>**within ten days of the date of this Order**</u>.  The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **HAYNES, WINTERS, LAMINACK, HARRINGTON, GOETZ,** and **KEMPER**.  The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for injunctive relief (Doc. 6), and this Memorandum and Order.  The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on Defendants.

Pursuant to Federal Rule of Civil Procedure 4, before noon, on November 15, 2013, the United States Marshals Service SHALL personally serve upon Defendants **HAYNES, WINTERS, LAMINACK, HARRINGTON, GOETZ,** and **KEMPER** the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for injunctive relief (Doc. 6), and this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to

the United States Marshals Service. The Court shall not require Defendants to pay the full cost of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's request for injunctive relief.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 5, 2013**

*s/ J. Phil Gilbert*
**U.S. District Judge**