# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC DAVIS, # R-64180,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 13-cv-01067-JPG |
| **C/O HAYNES,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff's motion for leave to file amended complaint (Doc. 15). Plaintiff filed this motion on November 7, 2013, less than one month after filing his original complaint (Doc. 1) and just two days after the Court entered its threshold order (Doc. 8). Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Plaintiff's motion is timely and complies with Federal Rule of Civil Procedure 15(a)(1).

In this District, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed." *See* Local Rule 15.1. Plaintiff's motion includes a proposed amended complaint that appears to be complete and in full compliance with Local Rule 15.1. Accordingly, Plaintiff's motion for leave to file amended complaint (Doc. 15) shall be **GRANTED**.

Turning to the merits of the amended complaint, the Court is required to promptly screen prisoner complaints, including amended complaints, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the amended complaint

that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**The Amended Complaint**

Besides naming Sergeant Schurtz ("Defendant Schurtz") as a defendant in the action, the amended complaint is virtually identical to the original complaint.[1] According to the amended complaint, Plaintiff was beaten without provocation by three Menard correctional officers on August 28, 2013 (p. 5). These officers included Defendants Haynes, Winters, and Laminack. At the time, Plaintiff was handcuffed and complying with Defendant Haynes' direct order to remove braids from his hair. Even so, Defendant Haynes grabbed Plaintiff by the arm and threw him to the ground, causing Plaintiff's head to "bounce off the ground" (p. 5). Defendants Laminack and Winters jumped on top of Plaintiff, choked him, and twisted his foot and leg "as if trying to break them" (p. 5). While choking Plaintiff, Defendant Winters stated, "I could kill you" (p. 5). Defendant Haynes then escorted Plaintiff to a small room and, without provocation, struck him in the mouth with a closed fist (p. 6). The assault caused injuries to Plaintiff's head, jaw, and leg. He suffered extreme pain and emotional anguish. Plaintiff continues to experience leg pain when walking.

On August 29th, Plaintiff was transferred to a cell that had no cold water for eleven days and no bedding for five days (p. 6). He had to rest on a moldy mattress, which caused him to feel sick to his stomach. Defendant Schurtz was responsible for denying Plaintiff a proper cell. On August 30th, Defendant Goetz refused to feed Plaintiff. Defendant Kemper[2] refused to do

---

[1] The amended complaint also refers to stomach aches Plaintiff experienced after being deprived of food, although these allegations do not alter the Court's analysis of Plaintiff's legal claims in any way.
[2] The original complaint refers to this individual as Defendant "Kemper." In the amended complaint, the individual is referred to as Defendant "Kempfer."

2

the same on August 31st.  Plaintiff asked Defendants Goetz and Kemper for bedding and a cell transfer, to no avail.

Plaintiff filed multiple grievances to address his concerns (pp. 6-7).  He submitted a written request to Defendant Schurtz[3] for bedding and a cell transfer, as well as a complaint about Defendants Goetz's and Kemper's denial of his food request (p. 6).  He submitted three requests to the medical director for treatment of an unspecified condition without receiving any response (p. 7).  Plaintiff also filed grievances on September 3rd, September 23rd, and October 2nd to have a false disciplinary report expunged.  Finally, on September 3rd, he filed an emergency grievance with Defendant Harrington[4] to address the assault, the cell conditions, and the denial of food; in the emergency grievance, Plaintiff requested a prison transfer because he was in fear for his life (p. 7).  As of October 11th, the date he commenced this action, Plaintiff had received no response to his emergency grievance.

Plaintiff now sues Defendants Haynes, Winters, and Laminack in their individual and official capacities for conspiring to use excessive force against him (p. 5).  He sues Menard's medical director for ignoring his requests for medical treatment.  Plaintiff names Defendants Goetz, Kemper, and Schurtz in the statement of claim for denying his request for food, bedding, and a cell transfer.  He names Defendant Harrington for ignoring his emergency grievance regarding the assault, cell conditions, and prison transfer request.  Finally, Plaintiff sues Defendant Schurtz for ignoring Plaintiff's grievances.

---

[3] The original complaint refers to this individual as "John Doe" and does not name him as a defendant in the action.  The amended complaint replaces "John Doe" with Sergeant Schurtz and specifically names him as a defendant in the action.

[4] Although "Harrington" is not named as a defendant in the case caption on the original or the amended complaint, the statement of claim refers to "Defendant Harrington."  Accordingly, the Clerk shall be directed to name Defendant Harrington among the defendants in this action.

**Discussion**

Plaintiff's Eighth Amendment excessive force claim (**Count 1**) against Defendants Haynes, Winters, and Laminack for allegedly assaulting Plaintiff on August 28th warrants further review. Likewise, Plaintiff's conspiracy claim (**Count 2**) against Defendants Haynes, Winters, and Laminack for the same incident warrants further consideration. Finally, Plaintiff's Eighth Amendment conditions of confinement claim (**Count 3**) against Defendants Goetz and Kemper for the deprivation of food, bedding, and sanitary cell conditions shall be given further consideration; Plaintiff shall also be allowed to proceed against Defendant Schurtz on this claim. Defendant Harrington, Menard's warden, shall remain in this action in his official capacity, based on Plaintiff's request for injunctive relief. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement).

**Dismissal of Counts 4, 5, and 6**

The amended complaint does not revive the Eighth Amendment medical claim (**Count 4**) against Defendant Unknown Party (i.e., Menard's medical director), the claim for ignoring Plaintiff's grievances (**Count 5**) against Defendants Schurtz and Harrington, or the claim for issuing and failing to expunge a false disciplinary ticket (**Count 6**) against Defendants. The Court fully adopts and incorporates by reference its legal analysis in the original threshold order (Doc. 8) in support of its decision to dismiss Count 4 without prejudice and to dismiss Counts 5 and 6 with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that the motion for leave to amend complaint (Doc. 15) is **GRANTED.** The **CLERK** is directed to file the amended complaint and add Defendant **SCHURTZ** to the case caption.

**IT IS ORDERED** that **COUNT 4** is **DISMISSED** from this action on the merits without prejudice for failure to state a claim upon which relief can be granted. **COUNTS 5** and **6** are **DISMISSED** from this action with prejudice for failure to state a claim upon which relief can be granted.

**IT IS ALSO ORDERED** that **DEFENDANT UNKNOWN PARTY** (Menard's Medical Director) is **DISMISSED** from this action without prejudice.

With regard to the newly identified defendant, the Clerk of Court shall prepare for Defendant **SCHURTZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), a copy of the motion for injunctive relief (Doc. 6), a copy of the original threshold order (Doc. 8), a copy of the amended complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay

in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 20, 2013**

                                                                  s/ J. Phil Gilbert
                                                                  **U.S. District Judge**