IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC DAVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 13-cv-01067-JPG-PMF |
| | ) |
| C/O HAYNES, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Reports and Recommendations ("R & R") (Docs. 148 & 149) of Magistrate Judge Philip M. Frazier. The first R & R (Doc. 148) addresses Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 139) and the second R & R (Doc. 149) addresses Defendants' Motion for Summary Judgment (Doc. 134). Plaintiff did not file any objections to the first R & R (Doc. 148), but filed objections (Doc. 150) to the second R & R (Doc. 149). Plaintiff also filed a Supplement to Objections to R & R (Doc. 154) and a Motion to Inform and Deny (Doc. 155) relating to the Defendant's Motion for Summary Judgment (Doc. 134).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

1

With regard to the first R & R (Doc. 148) addressing Plaintiff's Motion to File a Third Amended Complaint (Doc. 139), there were no objections filed. As such, The Court has reviewed the entire file and finds that the R & R is not clearly erroneous. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation in its entirety (Doc. 148) and **DENIES** Plaintiff's Motion to File a Third Amended Complaint (Doc. 139).

The Court will review *de novo* the second R & R (Doc. 149) since the Plaintiff has filed an objection to the R & R (Doc. 150).

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

Defendants are moving for summary judgment based on Plaintiff's failure to exhaust administrative remedies with regard to an incident which occurred on August 28, 2013. Plaintiff filed a total of five grievances with regard to this incident and two of the five grievances were properly filed and preceded through the grievance process in the correct manner. However, the Plaintiff failed to wait until the decision of ARB prior to filing this lawsuit. This case was filed on October 11, 2013, and Plaintiff was required to wait until the decision of the ARB (or the period for an ARB decision) which in this case, would have been no sooner than November 12, 2013.

Plaintiff filed a 37 page objection to the R & R.  The Court notes that Plaintiff's handwriting is difficult to read and that Plaintiff's objections contain seven affidavits which relate to the incident in question, but have no bearing on the R & R.  Plaintiff also attached his grievance of December 16, 2013, which was returned to Plaintiff as being filed out of time, and his grievance of September 5, 2013, which was properly filed, but as stated in the R & R, was not through the grievance process at the time the Plaintiff filed this suit.  The Court notes that IDOC Memorandum of 10/22/2013 states that his grievance of 9/5/2013 was received, forwarded to the CAO, and that Plaintiff would receive an appropriate response.  However, Plaintiff did not wait on the response, as required, but instead filed the instant action.

In Plaintiff's Supplement to Objections to R & R (Doc. 154), Plaintiff states that he filed four grievances and gave, ". . . defendants 4 times to answer his grievance and the warden and grievance officer failed to do their job."  He further argues that summary judgment is not appropriate as there is a genuine issue of fact as to whether his administrative remedies were available.  It is noted that his Supplemental goes from page 8 of 14 to page 12 of 14 (Pages 9, 10, and 11 missing)  and that pages 12 -14 discuss a "Merritte" cause of action and is dated prior to the filing of this lawsuit.  Finally, Plaintiff's Motion to Inform and Deny Defendants Motion for Summary Judgment (Doc. 155) is **STRICKEN** as the time for responsive pleadings with regard to the Motion for Summary Judgment has lapsed.

The documentation and objections provided by the Plaintiff do not contradict that none of his grievances had completely completed the grievance process at the time he filed suit.  As such, Plaintiff failed to exhaust his administrative remedies as required.

Therefore, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 148) in its entirety and **DENIES** Plaintiff's Motion to File a Third Amended Complaint (Doc. 139).

Plaintiff's Motion to Inform and Deny Defendants Motion for Summary Judgment (Doc. 155) is **STRICKEN** as untimely.

The Court hereby **ADOPTS** the Report and Recommendation (Doc. 149) in its entirety and **GRANTS** Defendant's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 134).  As such, this matter is dismissed without prejudice.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**   4/8/2015

            *s/J. Phil Gilbert*
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**